

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:50 am, Jul 08, 2020

# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

DESALSHIA ADRIEN WILLIAMS,

Defendant.

CR 415-024-2

## ORDER

Before the Court is Defendant Desalshia Williams' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Dkt. No. 144.  For the reasons below, Williams' motion is **DISMISSED**.

## BACKGROUND

In August 2015, under a written plea agreement, Williams pleaded guilty to conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c).  Dkt. Nos. 76, 77.  In May 2016, the Court sentenced Williams to 156 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 112.  Williams appealed to the Eleventh Circuit but eventually dismissed her appeal.  Dkt. Nos. 115, 133.  In November 2016, Williams filed a motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255.  Dkt. No. 134.  The Court denied her motion in April 2017.  According to the BOP website, Williams is currently incarcerated at FCI

Aliceville, located in Aliceville, Alabama, with a projected release date of March 31, 2026.

Now Williams moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 144. Williams' motion is primarily based on the COVID-19 pandemic and her concern for her health, although she also mentions her desire to be released in order to care for her father. Williams, however, has not averred that she has exhausted her administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, she must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Williams does not allege in her motion that she attempted to exhaust her administrative remedies. See Dkt. No. 144.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Williams has failed to exhaust her administrative

2

remedies, the Court concludes that it does not have jurisdiction to decide Williams' request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Williams' motion for compassionate release, dkt. no. 144, is **DISMISSED**.

**SO ORDERED**, this ___ day of July, 2020.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA